1  Kevin Gunn P-73814
   Pro-Persona
2  P.O. Box 2349
   Blythe, Ca 92226
3
4
5
6
7
8              United States District Court
9              Southern District of California
10
11 Kevin Gunn
   Pro-Persona
12                        Petitioner
13            V.                              Motion for
                                              Appointment of
14                                            Counsel
15 J.F. Salazar
   Warden                                    '08 CV 0972 LAB WMc
16                        Respondent          Civil No. _____
17            and
18 Jerry Brown
   Attorney General
19 Additional Respondent

20       To the Honorable Magistrate Judge, Please
21 take notice that under the Criminal Justice Act, 18 U.S.C
22 Section 3006(A) 1994. Counsel may be appointed to
23 represent Prisoners in Federal habeas Corpus Procedures. It has
24 been observed by Practitioners that legal assistance at
25 this early stage is often critical to enable Prisoners
26 with little Knowledge of the law to recognize
27 meritorious claims, draft the Petition Properly, and

(1)

File the necessary documents with the Petition. Pre-filing representation may be particularly important because "a prisoner applying for federal habeas corpus relief in federal court must assert all possible violations of his constitutional rights in his initial application or run the risk of losing what might be a viable claim." Brown vs. Vasquez, 952 F.2d 1164, 1165 (9th Cir.) Cert denied, 503 U.S. 1011 (1992) (decision's holding limited to capital cases) furthermore, "the services of investigators and other experts may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims, and the factual bases are researched and identified." McFarland vs. Scott, 512 U.S. 849 (1994) (decision's holding limited to capital cases.

Rule 8(c) of the Habeas Rules gives district judges the discretion to order the employment of counsel under the Criminal Justice Act at any stage of the case if the interest of justice so requires.

Both state and federal government have recognized the importance of counsel to assist prisoners with legal challenges. The U.S. Supreme Court has held that prisoners have a constitutional right to "meaningful access" to the Courts to challenge their convictions. Bounds vs Smith, 430 U.S. 817, 825 (1977). The Due Process Clause of the

(2)

14th Amendment has been interpreted that no person will be denied the opportunity to present to the Courts allegations concerning violations of "fundamental Constitutional rights." <u>Wolf vs. McDonnell</u>, 418 U.S. 539, 579 (1974). Some Courts have recognized that meaningful access to the Courts requires the assistance of an attorney. <u>McFarland vs. Scott</u>, 512 U.S. 849, 855-56 (1994).

"Meaningful access" requires the appointment of counsel in order to investigate and research complex factual and legal claims, review the record for legal errors and draft appropriate legal pleadings. <u>See McFarland vs. Scott, Supra</u> at 856, 858 ("right to [habeas corpus] counsel necessarily includes a right for counsel meaningfully to research and present a defendant's habeas claims") By analogy, no one would contend that "meaningful access" to medical care is complete when one enters the reception room of the of the doctor's office without one-on-one consultation with the doctor. nothing "meaningful" has happened. Likewise, giving an untrained prisoner the opportunity to file un-researched, incomplete, legally-flawed legal pleadings leaves much to be desired in terms of "reasonable access" to the Courts.

1  Petitioner is in custody in violation of the
2  5th 6th 8th and 14th Amendments of the United
3  States Constitution which rendered his trial
4  fundamentally unfair and resulted in a
5  miscarriage of Justice. The issues concern
6  substantial and complex Procedural, legal and mixed
7  legal and factual Questions as well as effective
8  assistance of Counsel. Petitioner is indigent and in
9  no Position to investigate crucial facts. <u>Maclin Vs.</u>
10 <u>Freake</u>, 650 F.2d at 887, and factually complex
11 issues that involve "Conflicting testimony." Petitioner
12 has Colorable claims but lacks the capacity
13 to Present it. <u>Gordon Vs. Leeke</u>, 574 F.2d 1147 (4th
14 Cir.) <u>Cert. denied.</u> 439 U.S. 970 (1978), and he has
15 at least one strong legal claim. <u>Hahn Vs. McLey</u>,
16 737 F.2d 771 (8 Cir. 1984)
17      Without Counsel Petitioner will be effectively
18 denied "meaningful access" to the Courts and his
19 Constitutional right to bring a habeas corpus
20 Challenge has been "Suspended."
21
22      Wherefore, Petitioner requests that this
23 Court appoints Counsel to represent him.
24
25 /s/ Kevin Gunn   P-78894
26 Pro-Persona
27 Date: _____

(4)


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924