1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KEVIN ORLANDO GUNN,

Petitioner,

v.

J. F. SALAZAR, Warden

Respondent.

Civil No.    08- 0972 LAB (WMc)

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

16

17

    Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

18

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

19

20

21

    Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

22

**FAILURE TO ALLEGE EXHAUSTION AS TO STATE COURT REMEDIES**

23

24

25

26

    Petitioner has not alleged exhaustion as to claim six. (See Pet. at 6.) The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. Anderson v. Harless, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] See

27

28

    [1]28 U.S.C. § 2254 (b)(1)-(2) states:
    (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

1   Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal

2   proceedings must be the same as that raised in the state proceedings.  See Anderson, 459 U.S. at 6.

3         Here, Petitioner's claim that the trial court violated his 6th and 14th Amendment rights when it

4   instructed the jury with CALJIC No. 2.92 regarding eyewitness identification was not presented to the

5   California Supreme Court.  (Pet. 35.)

6   **1.      PETITIONER'S OPTIONS**

7         Petitioner may choose one of the following options.

8         **i)  First Option:  Demonstrate Exhaustion**

9         Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the

10  claim the Court has determined are likely unexhausted.  If Petitioner chooses this option, his papers are

11  due no later than **July 21, 2008.**  Respondent may file a reply by **August 5, 2008**.

12        **ii)  Second Option:  Voluntarily Dismiss the Petition**

13        Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to

14  exhaust his unexhausted claim.  Petitioner may then file a new federal petition containing only exhausted

15  claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed

16  petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses

17  this second option, he must file a pleading with this Court no later than **July 21, 2008**.  Respondent may

18  file a reply by **August 5, 2008**.

19        Petitioner is cautioned that any new federal petition must be filed before expiration of the one-

20  year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final

21  to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  Duncan v.

22  Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2]  Filing a petition in federal court does not stop

23

24        (A) the applicant has exhausted the remedies available in the courts of the State; or
          (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist
          that render such process ineffective to protect the rights of the applicant.

25      (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding

26  the failure of the applicant to exhaust the remedies available in the courts of the State.

27  [2]28 U.S.C. § 2244 (d) provides:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
28  by a person in custody pursuant to the judgment of a State court. The limitation period
    shall run from the latest of--
          (A) the date on which the judgment became final by the conclusion of direct

1  the statute of limitations from running.  Id. at 181-82; Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th

2  Cir. 2001); 28 U.S.C. § 2244(d).

3  **iii)  Third Option:  Formally Abandon Unexhausted Claim**

4  Petitioner may formally abandon his unexhausted claim and proceed with his exhausted ones.

5  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[]

6  the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, he must

7  file a pleading with this Court no later than **July 21, 2008**.  Respondent may file a reply by **August 5,**

8  **2008**.

9  Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to

10  ever raise it in federal court.  See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's

11  ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive);

12  see also 28 U.S.C. § 2244 (a)-(b).[3]

13  **iv)  Fourth Option: File a Motion to Stay the Federal Proceedings**

14  Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his

15  unexhausted claim. *See Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) (interpreting *Rhines v. Weber*,

16

17  review or the expiration of the time for seeking such review;
18  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
19  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
20  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
21  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.
22
23
24  [3]  28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
25  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
26  (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
27  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28

1 | 544 U.S. 269 (2005) as permitting a district court to stay a mixed petition while the petitioner returns

2 | to state court); *Valerio v. Crawford*, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc); *Calderon v. United*

3 | *States Dist. Ct. for the N. Dist. of Cal.*, 134 F.3d 981, 986-88 (9th Cir. 1998). If Petitioner chooses this

4 | fourth option, he must file a pleading with this Court no later than **July 21, 2008**. Respondent may file

5 | a reply by **August 5, 2008**.

6 | **CONCLUSION AND ORDER**

7 | Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure

8 | to, (1) pay the filing fee or move to proceed in forma pauperis; and (2) allege exhaustion as to state court

9 | remedies. To have this case reopened, Petitioner must no later than **July 21, 2008** submit a copy of this

10 | Order with the $5.00 fee or with adequate proof of his inability to pay the fee **AND** choose one of the

11 | above options regarding Ground Six. **The Clerk of Court is directed to send Petitioner a blank First**

12 | **Amended Petition and In Forma Pauperis application along with a copy of this Order.**

13 | **IT IS SO ORDERED.**

14 |

15 | **DATED:** June 6, 2008

16 |

17 | HONORABLE LARRY ALAN BURNS
   | **United States District Judge**

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |