KEVIN O. GUNN
P.O. BOX 2349
BLYTHE, CA 92226

In Pro-Persona



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN O. GUNN<br>In Pro-Persona<br>       Petitioner,<br>v.<br>J.F. SALAZAR, Warden<br>       Respondent. | Civil No. 08-0972 LAB (WMc)<br><br>MOTION FOR APPOINTMENT OF COUNSEL |

    To the HONORABLE LARRY ALAN BURNS, United States District Judge, please take notice that under the Criminal Justice Act, 18 U.S.C. Section 3006(A) 1994, counsel may be appointed to represent prisoners in Federal Habeas Corpus procedures. It has been observed by practitioners that legal assistance at this early stage is often critical to enable prisoners with little knowledge of the law to recognize meritorious claims, draft the petition properly, and file the necessary documents with the petition.

    Pre-filing representation may be particularity important because "a prisoner applying for Federal Habeas Corpus relief in federal court must assert all possible violations of his constitutional rights in his initial application or run the

(1)

risk of losing what might be a viable claim." Brown vs. Vasquez, 952 F.2d 1164, 1165 (9th Cir.) Cert denied, 503 U.S. 1011 (1992)(decision's holding limited to capital cases) Furthermore, "the services of investigators and other experts may be critical in the pre-application phase of a habeas corpus proceeding, when possible claims and the factual bases are researched and identified." McFarland vs. Scott, 512 U.S. 849 (1994)(decision's holding limited to capital cases.

    Rule 8(c) of the Habeas Rules gives district judges the discretion to order the employment of counsel under the Criminal Justice Act at any stage of the case if the interest of justice so requires.

    Both state and federal government have recognized the importance of counsel to assist prisoners with legal challenges. The U.S. Supreme Court has held that prisoners have a constitutional right to "meaningful access" to the courts to challenge their convictions. Bounds vs. Smith, 430 U.S. 817, 825 (1977). The Due Process Clause of the 14th Amendment has been interpreted that no person will be denied the opportunity to present to the courts allegations concerning violations of "Fundamental Constitutional Rights." Wolf vs. McDonnell, 418 U.S. 539, 579 (1974). Some courts have recognized that meaningful access to the courts requires the assistance of an attorney. McFarland vs. Scott, 512 U.S. 849, 855-56 (1994).

    "Meaningful access" requires the appointment of counsel in order to investigate and research complex factual and legal claims, review the record for legal errors and draft appropriate

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

legal pleadings. See McFarland vs. Scott, Supra at 856, 858 ("right to [habeas corpus] counsel necessarily includes a right for counsel meaningfully to research and present a defendant's habeas claims")

By analogy, no one would contend that "meaningful access" to medical care is complete when one enters the reception room of the doctor's office without one-on-one consultation with the doctor, nothing "meaningful" has happened. Likewise, giving an untrained prisoner the opportunity to file un-researched, incomplete, legally-flawed legal pleadings leaves much to be desired in terms of "reasonable access" to the courts.

Petitioner is in custody in violation of the 5th, 6th, 8th, and 14th Amendments of the United States Constitution which, rendered his trial fundamentally unfair and resulted in a miscarriage of justice.

The issues of concern in petitioner's Writ of Habeas Corpus are substantial and complex procedural, legal and mixed legal and factual questions as well as effective assistance of counsel. Petitioner is indigent and in no position to investigate crucial facts. Maclin vs. Freake, 650 F.2d at 887, and factually complex issues that involve "conflicting testimony," petitioner has colorable claims but lacks the capacity to present it. Gordon vs. Leeke, 574 F.2d 1147 (4th Cir.) Cert. denied. 439 U.S. 970 (1978), and he has at least one strong legal claim. Hahn vs. McLey, 737 F.2d 771 (8th Cir. 1984)

Without counsel petitioner will be effectively denied "meaningful access" to the courts and his constitutional right

(3)

1 | to bring a habeas corpus challenge has been suspended."
2 |
3 |     Wherefore, petitioner request that this court appoints
4 | counsel to represent him.
5 |
6 | KEVIN O. GUNN
7 | In Pro-Persona
8 | Date: 6-19-08

(4)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192