1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GUNN, | CASE NO. 08cv972-LAB (WMc) |
| Petitioner, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANTING REPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| J.F. SALAZAR, Warden, | |
| Respondent. | |

This Report and Recommendation is submitted to United States District Judge Larry Alan Burns, pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I. Introduction

Kevin Gunn (hereinafter "Petitioner"), a state inmate proceeding *pro se,* challenges both his conviction and sentence in an Amended Petition for Writ of Habeas Corpus. [Doc. No. 4.] J. F. Salazar, Warden of Chuckawalla Valley State Prison, (hereinafter "Respondent"), has submitted a Motion to Dismiss the Petition and moves this Court to dismiss the petition as time barred under 28 U.S.C. §2244(d)(1). [Doc. No. 14.] Accordingly, Petitioner has submitted Reply to Notice of Motion and Motion to Dismiss Amended Petition for Writ of Habeas Corpus to support his opposition to Respondent's Motion to Dismiss. [Doc. No. 15.]

Based upon the documents presently before the Court and for the reasons stated below, the

1    Court **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED**.

2                          **II.  Statement of Facts**

3          Petitioner was convicted  in September 1999 and is currently serving a prison term of 17

4    years, consisting of 12 years under the "three strikes law" for two robbery convictions and a

5    consecutive five year term for a serious felony prior at the Chuckawalla Valley State Prison.

6          On January 8, 2002, the California Court of Appeal denied Petitioner's appeal (case

7    number D035782), affirming the trial court's judgment and reversing the trial court order denying

8    Petitioner's motion for disclosure of juror identifying information. (Lodgment 1 at 21, 29.)

9          On February 19, 2002, Petitioner filed a Petition for Review (case number S104425) in the

10   California Supreme Court. (Lodgment 2.)

11         On March 27, 2002, the California Supreme Court denied the Petition for Review (case

12   number S104425). (Lodgment 3.)

13         In 2003, Petitioner appealed a post-judgment trial court order denying, in part, his petition

14   for release of personal juror identifying information. (*See* Lodgment 4 at 1.)

15         On May 20, 2004, the Court of Appeal affirmed the trial court judgment (case number

16   D041821). (Lodgment 4.)

17         On June 12, 2004, Petitioner filed a second and last Petition for Review (case number

18   S125763) in the California Supreme Court. (Lodgment 5.)

19         On August 11, 2004, the California Supreme Court denied the Petition for Review (case

20   number S125763), thus completing one full round of direct review. (Lodgment 6.)

21         **On November 9, 2004, the state court judgment became final and Petitioner's one-**

22   **year statute of limitations commenced on November 10, 2004.[1]**

23         On November 1, 2005, Petitioner filed a Petition for Writ of Habeas Corpus (case number

24   HC 18350) in the California Superior Court.[2]  (Lodgment 7.)

25   _____

26         [1]*Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(applying FRCP 6(a) to compute the time at which the
     statute of limitations commences under the AEDPA).

27

28         [2]Unless otherwise indicated, the constructive filing date for Petitioner is determined under the "prison mailbox
     rule," which provides the date of filing for a *pro se* prisoner's Petition for Habeas Corpus shall be the date on which the
     prisoner gave the petition to prison officials for mailing. *Jenkins v. Johnson*, 330 F.3d 1146, 1149, fn. 2 (9th Cir. 2003);

1          On November 23, 2005, the California Superior Court denied the Petition for Writ of

2   Habeas Corpus (case number HC 18350). (Lodgment 8).

3          On December 30, 2005, Petitioner filed Petition for Writ of Habeas Corpus (case number

4   D047765) in the California Court of Appeal. (Lodgment 9.)

5          On February 27, 2006, the California Court of Appeal denied Petition for Writ of Habeas

6   Corpus (case number D047765). (Lodgment 10.)

7          On April 4, 2006, Petitioner filed Petition for Habeas Corpus (case number S142309) in the

8   California Supreme Court. (Lodgment 11.)

9          On November 29, 2006, the Petition for Writ of Habeas Corpus (case number S142309) is

10   denied by the California Supreme Court. (Lodgment 12.)

11          On December 12, 2006, Petitioner filed a second Petition for Writ of Habeas Corpus (case

12   number S148849) in the California Supreme Court. (Lodgment 13.)

13          On September 25, 2007, the Petition for Writ of Habeas Corpus (case number S148849) is

14   denied by the California Supreme Court. (Lodgment 17.)

15          On October 31, 2007, Petitioner filed a third Petition for Writ of Habeas Corpus (case

16   number HC 18350), this time in the California Superior Court. (Lodgment 18.)

17          On December 18, 2007, the California Superior Court denied Petitioner's third Petition for

18   Writ of Habeas Corpus (case number HC 19350)  and Petitioner filed Motion to Amend Habeas

19   Corpus Petition (case number HC 18350)  in the California Superior Court. (Lodgments 19 and

20   20.)

21          On February 1, 2008, the California Superior Court denied Petition for Writ of Habeas

22   Corpus (case number HC 18350). (Lodgment 21.)

23          **On May 22, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in the United**

24   **States District Court for the Southern District of California. [Doc. No. 1.]**

25          On June 10, 2008, the United States District Court for the Southern District of California

26   dismissed the petition without prejudice and with leave to amend. [Doc. No. 3.]

27          On June 23, 2008, Petitioner filed an Amended Petition for Writ of Habeas Corpus with the

28   ─────────────────────

*Houston v. Lack*, 487 U.S. 266, 270-271 (1988).

1   United States District Court for the Southern District of California. [Doc. No. 4.]

2         On August 26, 2008, Respondent filed a Motion to Dismiss with a Memorandum of Points

3   and Authorities in Support of Motion to Dismiss Amended Petition for Writ of Habeas Corpus.

4   [Doc. Nos. 14 and 14-2.]

5         On October 10, 2008, Petitioner filed Reply to Notice of Motion to Dismiss Amended

6   Petition for Writ of Habeas Corpus with a Memorandum of Points and Authorities in Support

7   thereof opposing Respondent's Motion to Dismiss. [Doc. Nos. 15 and 15-2.]

8                **III.  <u>Summary of Claims</u>**

9         Respondent's Motion to Dismiss, filed August 26, 2008, asserts the Amended Petition for

10  Writ of Habeas Corpus is barred by the applicable one-year statute of limitations set forth in 28

11  U.S.C. §2244(d)(1), as well as a mixed petition with two of seven claims never presented to the

12  California Supreme Court and thus unexhausted.[3]  Respondent contends Petitioner signed his first

13  state Petition for Writ of Habeas Corpus on November 1, 2005, leaving only ten days of the one-

14  year statute of limitation period which commenced on November 10, 2004. [Doc. No. 14-2 at 19.]

15  Respondent concedes Petitioner is entitled to statutory tolling for the period of time during which a

16  properly filed application for post-conviction relief is pending in state court. [Doc. No. 14-2 at 18.]

17  However, Respondent contends Petitioner is not entitled to tolling when the filing is untimely.

18  [Doc. No. 14-2 at 19.]

19        The state appellate court denied a Petition on February 27, 2006. (Lodgment 10.)

20  Petitioner subsequently filed Petition for Writ of Habeas Corpus with the California Supreme

21  Court on April 4, 2006. (Lodgment 11.)  The state supreme court denied the Petition on November

22  29, 2006, citing *In Re Robbins*, 18 Cal. 4th 770, 780 (1998). (Lodgment 12.)  Respondent contends

23  the *Robbins* citation by the court constituted "a clear ruling that the petition (...) was 'untimely.'"

24  [Doc. No. 14-2 at 19.] Thus, Respondent argues, the statute of limitations was not tolled for  277

25  days, from the February 27, 2006 Court of Appeal order until the November 29, 2006 California

26  _____

27      [3]Respondent asserts and Petitioner concedes one of Petitioner's claims remains unexhausted [Doc. Nos. 14-2 and 15-2.] Petitioner requests this Court to "stay his mixed petition (...) and to hold it in abeyance while the Petitioner exhausts this one unexhausted claim in state court." [Doc. No. 15-2 at 13.] However, Respondent's claim that Petitioner's Petition

28  is barred by the statute of limitations supplants Respondent's claim as to the mixed petition. Subsequently, the Court has chosen to solely address the statute of limitations claim.

1  Supreme Court order. [Doc. No. 14-2 at 19.]

2       Further, Respondent argues  no tolling should occur between the November 29, 2006

3  Supreme Court order and the second Petition in the same court (Lodgment 13), filed on December

4  18, 2006, but provides no basis for such argument. [Doc. No. 14-2 at 19.] The California Supreme

5  Court denied the second Petition on September 25, 2007 (Lodgment 17), and Petitioner filed again

6  in the Superior Court on October 31, 2007. (Lodgment 18.)  Respondent cites *Biggs v. Duncan*,

7  339 F.3d 1045, 1047-48 (9th Cir. 2003), asserting the statute of limitations is not tolled between the

8  September 25, 2007 state supreme court denial and October 3, 2007,[4] as Petitioner's successive

9  petition to the California Superior Court is not a progression to the next higher state court level.

10  [Doc. No. 14-2 at 20.]

11       Finally, Respondent argues an additional 110 days were used between the Superior Court

12  denial of Petitioner's last state court petition on February 1, 2008 (Lodgment 21) and Petitioner's

13  first federal petition constructively filed[5] on May 22, 2008. [Doc. No. 14-2 at 20.] Thus,

14  Respondent claims 762 days passed between the date Petitioner's judgment became final in state

15  court and the constructive filing of his federal petition, thereby barring Petitioner's federal petition

16  by exceeding the one-year statute of limitations. [Doc. No. 14-2 at 20.]

17       In his Reply to Respondent's Notice of Motion to Dismiss, Petitioner asserts his Petition is

18  not time-barred since he is entitled to statutory tolling "during the interval[s] between a lower

19  court's determination and filing of another petition in a higher court." [Doc. No 15-2 at 19.]

20  Petitioner additionally contends he is entitled to equitable tolling from the commencement of the

21  statute of limitations on November 10, 2004 until June 1, 2005[6], the period during which he

22  believed the California Innocence Project would be assisting him with his Writ of Habeas Corpus.

23  ───────────────

24      [4]Petition for Habeas Corpus (Lodgment 18.), filed in California Superior Court on October 31, 2007, was

25  purportedly signed on October 4, 2007. [Doc. No. 14-2 at 20.]

26      [5]Petition for Writ of Habeas Corpus filed in the United States District Court for the Southern District of California
on May 27, 2008, but purportedly signed by Petitioner on May 22, 2008. [Doc. No. 1.]

27      [6]Petitioner initially received notice of the California Innocence Project's denial of assistance in preparing his

28  Petition for Writ of Habeas Corpus on April 21, 2005. [Doc. No. 15-2 at 24.] In response to his own letter, Petitioner
received a final response from the program's executive director again notifying him of the denial on June 1, 2005. [Doc.
No. 15-2 at 26.]

[Doc. No. 15-2 at 16.]  Further, Petitioner asserts he is entitled to equitable tolling because his "confusion about state court timeliness and his own ignorance about the law is the reason for Petitioner only having ten days left of the one-year limitation period when he filed his first Writ of Habeas Corpus on November 1, 2005." [Doc. No. 15-2 at 16.]  Finally, Petitioner contends he has been diligent in pursuing his rights "since the time [he] first received notice that he was going to have to prepare his own Writ of Habeas Corpus." [Doc. No. 15-2 at 16-17.]

### IV.  **Standard of Review**

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, created a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner. The applicable statute of limitations is set forth in 28 U.S.C. §2244(d) as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of:
> (A) the date on which judgment became final by the *conclusion of direct review* or the expiration of the time for seeking such review (emphasis added);
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

#### A.  **Statutory Tolling**

The time during which a properly filed application for state post-conviction relief or other collateral review is pending is not counted toward the one-year statute of limitations that applies to an application for a writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(2).  Accordingly, AEDPA's statute of limitations is tolled for all of the time which during which a state prisoner is attempting, through proper use of state court procedures to exhaust state remedies with regard

to a particular post-conviction application; and the statute of limitations remains tolled during intervals between state court's disposition of a state habeas petition and filing of appeal or petition at the next state appellate level. *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999)(quoting and adopting the holding in *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999)).

If the petitioner chooses to invoke the original habeas jurisdiction of the California courts and files a new habeas petition at each level, the application for habeas review is pending during the time between those filings as long as they were filed within a "reasonable time" after denial at the lower level, as that term is defined under California law. *Carey v. Saffold*, 536 U.S. 214 (2002).

A petitioner is not entitled to statutory tolling, however, between the conclusion of one round of state collateral review and the start of a subsequent round of state collateral review, unless the subsequent round of review is "limited to an elaboration of the facts relating to the claims in the first petition." *Biggs v. Duncan*, 339 F.3d 1045 (9th Cir. 2003). In which case, the new round is considered part of the first full round of review. *King v. Roe*, 340 F.3d 821 (9th Cir. 2003).

Further, the period during which an application for post-conviction review is pending is not tolled merely because a petitioner filed an additional or overlapping petition before the initial application is complete. *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003). Rather, the subsequent petition triggers an entirely separate round of review in which the petitioner is not entitled to tolling during any gap between the completion of the original round of review and the commencement of another round of state habeas review. *Id.*(adopting the holding in *Biggs*, 339 F.3d at 1048).

**B.  Equitable Tolling**

The Ninth Circuit has held AEDPA's one-year statute of limitations is also subject to equitable tolling. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. United*

1  *States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth

2  Circuit in *Beeler* noted "equitable tolling will not be available in most cases, as

3  extensions of time will only be granted if 'extraordinary circumstances' beyond a

4  prisoner's control make it impossible to file a petition on time." *Id.*(quoting

5  *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).  Generally, a

6  litigant seeking equitable tolling bears the burden of establishing two elements: (1)

7  that he has been pursuing his rights diligently, and (2) that some extraordinary

8  circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418. (2005)

9  (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

10      Thus, the burden is on Petitioner to show the "extraordinary circumstances"

11  he has identified were the cause of his untimeliness, rather than merely a lack of

12  diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman*

13  *v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).  Further, "the threshold

14  necessary to trigger equitable tolling [under AEDPA] is very high," *Miranda v.*

15  *Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002.  Consequently, equitable tolling is

16  "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

17  **VI.  Discussion**

18      Respondent offers a number of arguments against both statutory and

19  equitable tolling of Petitioner's Amended Writ of Habeas Corpus. Notwithstanding,

20  the Court finds those arguments moot for the reasons set forth below.

21  **A.  The Petition is Not Timely**

22      Respondent moves to dismiss the Petition on the basis it was filed after

23  expiration of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

24  [Doc. No. 14.]  Petitioner contends he is entitled to statutory tolling of the statute of

25  limitations during the time he was pursuing state habeas proceedings, and is entitled

26  to equitable tolling due to the denial of assistance from the California Innocence

27  Project in the preparation of Petitioner's Writ of Habeas Corpus and "Petitioner's

28

1   own ignorance and general confusion about the law."[7]  All these factors, he

2   contends, prevented him from timely filing the federal Petition after the state habeas

3   proceedings were complete. [Doc. No. 15-2.]

4        The parties agree Petitioner's conviction and sentence became final upon

5   the conclusion of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A),

6   which was the last day Petitioner could have filed a petition for writ of certiorari in

7   the United States Supreme Court following the denial of his petition for review.

8   *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The state supreme court

9   denied the petition for review on August 11, 2004.  (Lodgment 6.)  The last day

10  Petitioner could have timely filed a petition for writ of certiorari was 90 days later,

11  on November 9, 2004.  The one-year statute of limitations began to run the next

12  day, **November 10, 2004**. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.

13  2001).  The last day Petitioner could have timely filed a federal petition, absent

14  tolling of the statute of limitations, was November 10, 2005.  Thus, absent tolling,

15  the instant federal Petition, filed on May 22, 2008, is untimely.

16  **A.  Statutory Tolling**

17       The statute of limitations applied to an application for a writ of habeas corpus in federal

18  courts is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court.

19  28 U.S.C. § 2244(d)(2).  Specifically, the "statute of limitations is tolled from the time the first

20  state habeas petition is filed until the California Supreme Court rejects the petitioner's final

21  collateral challenge," provided the petitions were properly filed and pending. *Nino v. Galaza*, 183

22  F.3d 1003, 1006 (9th Cir. 1999).  The time between a lower state court's determination and the

23  filing of a notice of appeal to a higher state court is considered to be "pending," provided filing of

24  the notice to appeal is timely under state law. *Carey v. Saffold*, 536 U.S. 214 (2002).  An

25  application for state post-conviction relief or collateral review is "properly filed" (as required to

26  toll the period for filing a federal habeas petition) when its delivery and acceptance are in

27  compliance with the applicable laws and rules governing filings. *Artuz v. Bennett*, 531 U.S. 4

28

---

[7][Doc. No. 15-2, p 15.]

1   (2000).  A state post-conviction petition that cannot be initiated or considered due to the failure to

2   include a timely claim is not "properly filed."  *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).  Further,

3   a federal habeas corpus petition is not an "application for state post-conviction or other collateral

4   review" within the meaning of AEDPA's tolling provision. *Duncan v. Walker*, 533 U.S. 167

5   (2001).

6          Petitioner began post-conviction proceedings by filing a habeas petition in the state

7   superior court on November 1, 2005. (Lodgment 7.)  That petition was denied on the merits in a

8   written order on November 23, 2005. (Lodgment 8.)  Petitioner filed a habeas petition in the

9   appellate court on December 30, 2005, raising identical claims. (Lodgment 9.)  That petition was

10  denied on the merits in a written order on February 27, 2006. (Lodgment 10.)  Petitioner filed a

11  habeas petition in the state supreme court, presenting the same claims, on April 4, 2006.

12  (Lodgment 11.)  That petition was summarily denied in a written order holding the petition to be

13  "untimely,"[8] on November 29, 2006. (Lodgment 12.)

14         Petitioner filed a second and identical habeas petition in the state supreme court on

15  December 18, 2006. (Lodgment 13.)  The petition was denied on the merits in a written order on

16  September 25, 2007. (Lodgment 17.)

17         Petitioner commenced a third round of state habeas petitions by filing a petition in the state

18  superior court on October 31, 2007, raising new claims. (Lodgment 18.)  The petition was

19  summarily denied in a written order, holding "a collateral challenge may not do service for an

20  appeal,"[9] on December 18, 2007. (Lodgment 19.)  On the same day, December 18, 2007, Petitioner

21  filed a motion to amend the petition, raising an identical earlier claim. (Lodgment 20.)  The

22  petition was denied on the merits in a written order on February 1, 2008. (Lodgment 21.)

23

24         [8] California Supreme Court Opinion (En Banc) denying for Writ of Habeas Corpus reads, "[p]etition for writ of
    habeas corpus is DENIED. (See *In Re Robbins* (1998) 18 Cal. 4th 770, 780.)" (Lodgment 12.)  The specific page of the
25  *Robbins* decision the Supreme Court cites "sets out immediately, and describes in greater detail, the basic analytical
    framework governing their timeliness determination." *In Re Robbins*, 18 Cal. 4th 770, 780 (1998).  Thus, the *Robbins*
26  citation by the Supreme Court constitutes a clear ruling the petition filed in the California Supreme Court was untimely.

27         [9]The court supports this statement holding "habeas corpus cannot serve as a substitute for an appeal, and that
    matters that 'could have been, but were not, raised on a timely appeal from a judgment of conviction' are not cognizable
28  on habeas corpus in the absence of special circumstances warranting departure from that rule. (Lodgment 19 at 2.)(citing
    *In Re Clark*, 5 Cal. 4th 750, 765 (1993) [quoting *In Re Dixon*, 41 Cal.2d 756, 759; *In Re Walker*, 10 Cal.3d 764, 773.])

On May 22, 2008, Petitioner filed Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of California. [Doc. No. 1.]  Petitioner concedes 355 days of the one-year statute of limitations on seeking federal habeas review passed *without statutory tolling* before the filing of his original Petition for Writ of Habeas Corpus in California Superior Court on November 1, 2005. [Doc. No. 15-2 at 16.] An additional 111 days passed without statutory tolling between the California Supreme Court's denial of Petitioner's final state habeas petition on February 1, 2008 (Lodgment 21) and Petitioner's first federal habeas filing on May 22, 2008 [Doc. No. 1].  Thus, Respondent's arguments as to statutory tolling between Petitioner's first Petition for Writ of Habeas Corpus in state superior court on November 1, 2005 (Lodgment 7) and the denial of Petitioner's final Petition for Writ of Habeas Corpus in state supreme court on February 1, 2008 (Lodgment 21) are moot.  At minimum, 466 days passed without statutory tolling before the Petition for Writ of Habeas Corpus was filed in the United States District Court for the Southern District of California on May 22, 2008. [Doc. No. 1.]  The instant federal Petition is, therefore, barred by the one-year statute of limitations absent equitable tolling.

**B.  Equitable Tolling**

In order to trigger equitable tolling of the statute of limitations for the purpose of filing a habeas petition, Petitioner must demonstrate extraordinary circumstances beyond his control made it impossible to file a petition on time. *Allen v. Lewis*, 255 F.3d 798 (9th Cir. 2001).  Further, Petitioner must demonstrate the extraordinary circumstances were the but-for and proximate cause of his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).   The burden of proof therefore falls on Petitioner to show that this extraordinary exclusion should apply in his case. *Id.*  Finally, a *pro se* prisoner's ignorance of the law does not generally excuse timely filing. *See Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006) (holding a *pro se* petitioner's lack of legal sophistication or ability to calculate the statute of limitations is not, by itself, an extraordinary circumstance warranting equitable tolling).

Petitioner contends he is entitled to equitable tolling during the period which he believed the California Innocence Project [hereinafter "the Project"] would be assisting him with his

Petition for Writ of Habeas Corpus. [Doc. No. 15-2 at 16.]  In his Reply, Petitioner asserts  "they [the Project] had been involved with Petitioner's case since the year 2000." [Doc. No. 15-2, at 15.] However, Petitioner fails to specifically explain the Project's role in his case.  Specifically, did the Project agree to assist Petitioner with his Petition for Writ of Habeas Corpus?  Petitioner does not include his correspondence with the Project in his Reply, attaching as exhibits only the letters he received from the Project informing Petitioner that the Project is "unable to assist [Petitioner] further in pursuing [his] claims of innocence." [Doc. No. 15-2, at 24.]

Petitioner asserts "the aforementioned circumstances [were] beyond his control, due to the actions of the California Innocence Project's decision not to file the Writ on his behalf." [Doc. No. 15-2, at 16.]  However, he has not met the burden of proof necessary to receive equitable tolling. Petitioner offers no evidence of "extraordinary circumstances" that *prevented* him from filing his Petition on time. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998)*; Allen v. Lewis*, 255 F.3d 798 (9th Cir. 2001); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003) (emphasis added). Rather, he contends "highly unusual circumstances" forced him to "scramble to try and file his first [Petition for] Writ of Habeas Corpus." [Doc. No. 15-2, at 16.]

While the denial of assistance by the Project *may* have delayed Petitioner's filing of his state habeas petition, it has not been demonstrated to be an extraordinary circumstance.  Nor has Petitioner demonstrated the Project's role to be the but-for or proximate cause of his  untimeliness in filing.  Specifically, Petitioner received the original notice of the denial on April 21, 2005. [Doc. No. 15-2 at 24.]  He then had 204 days to file a petition before the statute of limitations expired. On June 1, 2005, Petitioner received a final response from the program's executive director again notifying him of the denial. [Doc. No. 15-2 at 26.] He had 163 days of the statute of limitations remaining as of that date.  As such, the denial did not prevent Petitioner from filing a timely petition and equitable tolling should be denied for this reason.

Petitioner further asserts he is entitled to equitable tolling because his "confusion about state court timeliness and his own ignorance about the law is the reason for Petitioner only having

ten days left of the one-year limitation period when he filed his first Writ of Habeas Corpus on November 1, 2005." [Doc. No. 15-2 at 16.]  The court in *Raspberry* addressed this argument specifically, holding a *pro se* petitioner's lack of legal sophistication or ability to calculate the statute of limitations is not, by itself, an extraordinary circumstance warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Thus, equitable tolling should not be granted due to Petitioner's ignorance or confusion about the law.

Finally, Petitioner contends he has been diligent in pursuing his rights "since the time [he] first received notice that he was going to have to prepare his own Writ of Habeas Corpus." [Doc. No. 15-2 at 16-17.] This Court finds otherwise.  Based on the foregoing, the Court finds the statute of limitations began to run on November 10, 2004, and ran for 355 days until Petitioner's first state habeas petition was filed on November 1, 2005.  At that time, Petitioner had ten days remaining of the one-year limitations period.  Further review by this Court of Respondent's arguments regarding statutory tolling is unnecessary as an additional 111 days ran between the final state habeas order and Petitioner's initial federal habeas petition filing. At a minimum, Petitioner exceeded the one-year statute of limitations by 101 days.  Accordingly, the Court recommends Respondent's Motion to Dismiss be **GRANTED**, and the Petition dismissed as untimely.

## VII.  CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Respondent's Motion to Dismiss as set forth herein; and (3) directing that judgment be entered dismissing the Petition for failure to file within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

**IT IS ORDERED** that no later than **January 5, 2009** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

\\\

\\\

1  \\\

2      **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

3  and served on all parties no later than **January 26, 2009**. The parties are advised that

4  failure to file objections with the specified time may waive the right to raise those objections

5  on appeal of the Court's order.

6  DATED: December 5, 2008

7

8                                        Hon. William McCurine, Jr.
                                        U.S. Magistrate Judge
9                                        United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28