1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

KEVIN ORLANDO GUNN,

                                                 Petitioner,

        vs.

J.F. SALAZAR, Warden,

                                                 Respondent.

CASE NO. 08CV0972-LAB (WMc)

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

        Petitioner Kevin Gunn ("Gunn"), a state prisoner, filed his federal habeas petition in this Court on May 22, 2008.  (Dkt. No. 1.)  Pursuant to 28 U.S.C. § 636, his petition was referred to Magistrate Judge William McCurine for a report and recommendation ("R&R").  Respondent Salazar ("Salazar") filed a motion to dismiss Gunn's petition on August 26, 2008. (Dkt. No. 14.) Judge McCurine issued his R&R on December 5, 2008 recommending that the Court grant Salazar's motion to dismiss.  (Dkt. No. 17.)  Gunn filed an objection to the R&R on January 2, 2009.  (Dkt. No. 18.)

        The R&R is devoted exclusively to the timeliness of Gunn's petition.  Under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners have one year, absent tolling, to file a federal habeas petition – starting on the date the judgment against them in state court is final. 28 U.S.C. § 2244(d).  Salazar argues that Gunn waited over two years to file his petition.  Gunn, on the other hand, believes he filed just before a full year expired.  The Court agrees with the R&R that Salazar has the better argument and **GRANTS** Salazar's motion to dismiss.

I.   **Legal Standards**

This Court has jurisdiction to review a magistrate judge's report and recommendation concerning a dispositive pretrial motion.  Fed. R. Civl. P. 72(b) *et seq*.  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  In other words, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  This Court does not need to review de novo "findings and recommendations that the parties themselves accept as correct."  *Id.*

Because Gunn is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

II.   **Procedural History**

The R&R covers the history of Gunn's conviction and state habeas proceedings in great detail.  From the Court's perspective, the essentials are as follows.

Gunn was convicted in September, 1999 and is now in prison serving a 17-year sentence.

On November 9, 2004, Gunn's conviction became final.  His one-year statute of limitations to file a federal habeas petition began to run the following day, November 10, 2004.  Gunn does not dispute this.  (Obj. to R&R at 2.)

Gunn filed a state habeas petition on November 1, 2005 in the California Superior Court, thereby tolling the statute of limitations period for his federal habeas petition ten days before it would expire.  Again, Gunn does not dispute this.  (*Id.*)

From November 1, 2005 through February 1, 2008, Gunn litigated his state habeas petition.

1    On May 22, 2008, Gunn finally filed his federal habeas petition.  (Dkt. No. 1.)

2  **III.    Discussion**

3      **A.    <u>Statutory Tolling</u>**

4      AEDPA's one-year statute of limitations for federal habeas petitions is tolled for "[t]he

5  time during which a properly filed application for State post-conviction or other collateral

6  review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

7  Gunn concedes that the clock started ticking on his federal habeas petition on November 10,

8  2004, and that he did not file that petition until May 22, 2008.  (Obj. to R&R at 2.)  Thus,

9  absent tolling, Gunn's federal petition is clearly untimely.

10     Gunn did, however, file a state habeas petition on November 1, 2005.  Although he

11  acknowledges that ***355 days*** passed after his state court judgment became final wherein he

12  sought no habeas relief whatsoever, he argues that filing his state habeas petition when he

13  did entitled him to tolling and preserved his right to subsequently file a federal habeas

14  petition.  That is true, but only so far.  The statute of limitations on Gunn's federal habeas

15  petition was tolled a mere ten days before it would expire.  Accordingly, Gunn had only ten

16  days, once his state habeas petition was finally denied, to file his federal petition.  He waited

17  111 days.  The California Superior Court denied Gunn's final habeas petition on February

18  1, 2008, and he did not file his federal petition until May 22, 2008.  The R&R has it right: "At

19  minimum, 466 days passed without statutory tolling before the Petition for Writ of Habeas

20  Corpus was filed in the United States District Court for the Southern District of California on

21  May 22, 2008."  (R&R at 11.)

22     Salazar takes Gunn even more to task and alleges that "Petitioner 'used' 762 days

23  between the date that his judgment became final in state court and the constructive filing of

24  his federal petition."  (Mot. to Dismiss at 15.)  The basis for this claim is that there were

25  intervals of time when Gunn was pursuing state habeas relief during which he was not

26  entitled to statutory tolling.  (*Id.* at 14-15.)  The R&R avoids this issue, and properly so.

27  (R&R at 11.) For Gunn to be barred from filing a federal habeas petition, only 365 days need

28  to have passed, after his state conviction became final, when he was not pursuing state

1  habeas relief.  Whether Gunn was 111 days or 397 days late in filing his federal habeas

2  petition is beside the point.  He was late by a lot of days.

3          **B.    Equitable Tolling**

4          AEDPA's one-year statute of limitations for federal habeas petitions is also subject

5  to equitable tolling.  The Ninth Circuit has held, however, that "[e]quitable tolling will not be

6  available in most cases, as extensions of time will only be granted if 'extraordinary

7  circumstances' beyond a prisoner's control make it impossible to file a petition on time."

8  *Calderon v. Beeler*, 128 F.3d 1283, 1288 (9th Cir. 1997).  To be entitled to equitable tolling,

9  Gunn bears the burden of demonstrating "(1) that he has been pursuing his rights diligently,

10  and (2) that some extraordinary circumstances stood in his way."  *Pace v. DiGuglielmo*, 544

11  U.S. 408, 418 (2005).  Those "extraordinary circumstances"  must be the but-for and

12  proximate cause of his untimeliness.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

13          The R&R takes Gunn's request for equitable tolling seriously but concludes it should

14  not be granted.  (R&R at 11-13.)  The Court agrees.  Gunn hangs his request for equitable

15  tolling on the fact that he thought the California Innocence Project would file his federal

16  habeas petition for him.  However, as the R&R is correct to point out, Gunn goes into little

17  detail about what role the California Innocence Project played in his case and what promises

18  the organization made to him.  (*Id.* at 12.)  While having to file his federal habeas petition

19  himself may have ***slowed*** Gunn, it certainly did not ***prevent*** him from filing on time.  The

20  Court does not find the California Innocence Project's inability to assist Gunn to be an

21  extraordinary circumstance that entitles him to equitable tolling.  Nor, as a general

22  proposition, is a habeas petitioner's lack of legal sophistication, "by itself, an extraordinary

23  circumstance warranting equitable tolling."  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.

24  2006).

25  **IV.    Objections**

26          Gunn filed timely objections to the R&R on January 2, 2009.  He made four specific

27  objections, which the Court will address in turn.

28  //

1

### 1.   Unexhausted Claims

2   According to Gunn, the R&R "incorrectly concludes" that his federal habeas petition

3   contains two unexhausted claims. (Obj. to R&R at 2.)  The R&R draws no such conclusion,

4   but rather cites to that contention in Salazar's motion to dismiss.  (R&R at 4.)   More

5   importantly, the R&R makes clear that this issue is not relevant to its conclusions because

6   Gunn's petition is nonetheless barred by AEDPA's statute of limitations: "However,

7   Respondent's claim that Petitioner's Petition is barred by the statute of limitations supplants

8   Respondent's claim as to the mixed petition.  Subsequently, the Court has chosen to solely

9   address the statute of limitations claim."  (R&R at 4 n.3.)

10

### 2.   AEDPA's Statute of Limitations

11   Gunn also disputes that his federal habeas petition was untimely.  (Obj. to R&R at

12   2-4.)  He concedes that he filed his first state habeas petition on November 1, 2005, 356

13   days after his AEDPA statute of limitation began to run on November 10, 2004. Accordingly,

14   he argues, "Petitioner is entitled to tolling because this filing was timely." (*Id.* at 2.)  Here,

15   Gunn takes issue with Salazar's argument – already deemed irrelevant by the Court – that

16   there were intervals of time when Gunn was pursuing state habeas relief during which he

17   was not entitled to statutory tolling.  For example, Gunn argues: "The intervals between

18   denial in one court and the filing of a 'new' petition in a higher court will not interrupt tolling

19   as long as there is no 'unreasonable' delay between denial of relief in a lower court and the

20   filing of the petition in the next higher court."  (*Id.* at 4.)  True or not, Gunn fails to address

21   the interval of time that is ultimately fatal to his case: the 111 days he waited once his state

22   habeas petition was denied to file a federal habeas petition.  During that time, no state

23   habeas petition was pending, the clock was ticking on Gunn's federal habeas petition, and,

24   for the purposes of this Court's analysis[1], AEDPA's statute of limitations eventually expired.

25   //

26   //

27   _____

28       [1] Recall that the Court has avoided the question whether Gunn also lost time at various intervals when he was still pursuing state habeas relief.

### 3.    The *Schlup* Standard

With little explanation, Gunn invokes *Schlup v. Delo*, 513 U.S. 298 (1995), which stands for the proposition that in exceptional cases involving a compelling claim of actual innocence, the procedural default of claims in state court will not bar a federal habeas corpus petition. (Obj. to R&R at 4-5.) Neverminding that the procedural default at issue here is not state but **federal**, there is simply no compelling claim of innocence before the Court. The letters from the California Innocence Project that Gunn submitted in this case cut against his interests here.  The first letter, from a student devoted to Gunn's case, states: "I was unable to find new evidence that is strong enough to survive the strict review by a court that a writ of habeas corpus must withstand."  (Opp. to Mot. to Dismiss at Ex. A.) Certainly the Court would relax procedural formalities and let Gunn's federal habeas petition slide if doing so would avoid a manifest injustice – the essential spirit of *Schlup* – but Gunn has not brought a compelling claim of innocence before the Court.

### 4.    California Innocence Project

Finally, Gunn reasserts that he filed his state habeas petition with just ten days remaining in AEDPA's statute of limitations because he believed, mistakenly, that the California Innocence Project was going to file the petition for him. (Obj. to R&R at 5.) Based on the two letters from the California Innocence Project that Gunn submitted, he argues that "[t]hey most definately were planning on filing a Writ of Habeas Corpus on the behalf of Petitioner." (*Id.* at 5.)  This does not rise, even remotely, to the level of an extraordinary circumstance that would entitle Gunn to equitable tolling.  The Ninth Circuit has declined to apply equitable tolling even where **attorney negligence** caused the filing of a petition to be untimely.  *Spitsyn*, 345 F.3d at 800.

While the letters Gunn submitted from the California Innocence Project do suggest that the organization intended to help him file a timely habeas petition, their respective dates ultimately dent his cause.  The California Innocence Project first notified Gunn that it could not help him pursue his claim of innocence on April 21, 2005.  (Obj. to Mot. to Dismiss at Ex. A.)  In a follow-up letter dated June 1, 2005, the Executive Director of the California

1   Innocence Project further explained to Gunn why it decided to close his case.  (Obj. to Mot.

2   to Dismiss at Ex. B.)  Between June 1, 2005 and November 1, 2005, the day Gunn filed his

3   state habeas petition and tolled AEDPA's statute of limitations, *153 days* elapsed.  The

4   Court agrees with the R&R's conclusion that the California Innocence Project's inability to

5   help Gunn did not prevent him from filing a timely federal habeas petition.

6        The Court also rejects, as the R&R did, Gunn's claim that his "confusion about state

7   court timeliness" and "his own ignorance about the law in conjunction with California's

8   complicated unique postconviction practice" entitles him to equitable tolling.  (Obj. to R&R

9   at 5-6.)  Filing a proper habeas petition may have its challenges, but this Court cannot so

10  easily excuse *pro se* litigants from foundational procedural norms.

11  **V.    Conclusion**

12       Gunn's filed his federal habeas petition entirely too late and with no good reason.  His

13  objections to the R&R are hereby **OVERRULED**, the R&R is **ADOPTED**, and Salazar's

14  motion to dismiss is **GRANTED**.  Gunn's petition is **DISMISSED** for failure to file within the

15  one-year statute of limitations set forth in AEDPA.

16       **IT IS SO ORDERED.**

17  DATED:  March 27, 2009

18

19  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

20

21

22

23

24

25

26

27

28