# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ORLANDO GUNN,<br><br>                    Plaintiff,<br>  vs.<br>J. F. SALAZAR, Warden,<br><br>                    Defendant. | CASE NO. 08cv0972-LAB (WMc)<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY** |

Kevin Gunn seeks the Court's permission to appeal the dismissal of his petition for writ of habeas corpus. The Court denies the request because an appeal is doomed to fail. Gunn's habeas petition was undeniably late, and the Ninth Circuit recently held in *Lee v. Lampert*, __F.3d. __, No. 09-35276, 2010 WL 2652505 (9th Cir. July 6, 2010), that a claim of innocence doesn't excuse a habeas petitioner from AEDPA's one-year statute of limitations.

**I. Procedural History**

Gunn filed his initial petition pursuant to 28 U.S.C. § 2254 on May 27, 2008, and his amended petition on June 23, 2008. The petition was then referred to Magistrate Judge McCurine, pursuant to 28 U.S.C. § 636, for a report and recommendation ("R&R"). Salazar moved to dismiss the petition on August 26, 2008, and on December 5, 2008, Magistrate Judge McCurine issued his R&R. The R&R was devoted exclusively to the timeliness of Gunn's petition, which the R&R concluded was time-barred, entitled to

neither statutory nor equitable tolling. The Court reviewed the R&R, considered an objection filed by Gunn, and on March 27, 2009 adopted the R&R and dismissed Gunn's petition for his failure to file it within the one-year statute of limitations set forth in Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d).

Gunn then filed a motion for reconsideration, along with a request for counsel, on May 4, 2009. On February 19, 2010, the Court denied the motion and the request for counsel. Specifically, in the response to the motion for reconsideration, the Court reaffirmed that Gunn's habeas petition was time-barred. More specifically, it was untimely by at least 101 days. The court further declined to address the merits of Gunn's petition on the basis of innocence because Gunn failed to bring to light any new evidence that could plausibly establish his innocence, as required by *Schlup v. Delo*, 513 U.S. 298 (1995). Gunn only made general arguments that the evidence against him was thin, proffering testimony of a psychology professor that attested generally to the problems with eyewitness identifications, as well as an advocacy piece from a magazine and a statement from the magazine's publisher lacking neutrality and authority.

After being granted several extensions, Gunn filed an application for a certificate of appealability on July 22, 2010.[1]

**II. Whether a Certificate of Appealability Should Issue**

A habeas petitioner may not appeal the dismissal or denial of a petition without first obtaining a certificate of appealability from a district judge or a circuit judge under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a

---

[1] There was some confusion on Gunn's part as to when his application was due, but that question is moot now that Gunn has filed an application. The Court concedes that its June 21, 2010 order giving Gunn until June 22, 2010 to file his application wasn't as artfully drafted as it could have been. The problem, from the Court's perspective, is that Gunn appeared to have stopped working on his application while a motion for an extension was pending, which is not acceptable behavior. Even if Gunn didn't receive the June 21 order until June 24, as he represents, the fact remains that Gunn's last request for an extension of time sought a deadline of June 21, 2010, and he should have been working on his application with that deadline in mind.

constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where, as here, the district court denies the habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural rulings. *Slack*, 529 U.S. at 484. In the wake of *Lee v. Lampert*, -__F.3d. __, No. 09-35276, 2010 WL 2652505 (9th Cir. July 6, 2010), this Court's procedural rulings are not debatable.

Under AEDPA, state prisoners have one year, absent tolling, to file a federal habeas petition – starting on the date the judgment against them in state court is final. 28 U.S.C. § 2244(d).  The Court previously found that Gunn's habeas petition was at least 101 days late. (Doc. Nos 17, 28.) The magistrate judge's R&R, and this Court's order adopting it, also make clear that there are no extraordinary circumstances that allow the remaining days to be equitably tolled. Until recently, the only possible gateway through the statute of limitations for Gunn was the "actual innocence exception" pursuant to *Schlup*, which provides that a petitioner is entitled to have the claims of his petition heard on the merits if he can make a showing of actual innocence. With equitable and statutory tolling unavailable, Gunn's motion for reconsideration relied heavily on his claim of innocence.

The recent *Lee* decision, however, limited the *Schlup* innocence exception in the Ninth Circuit to second or successive habeas petitions, holding that there is no actual innocence exception to the one year statute of limitation for filing an original petition for habeas corpus relief. The court in *Lee* looked closely at the exceptions provided for in the AEDPA statute, 28 U.S.C. § 2244(d)(1)(B)-(D). The statute provides alternative start

dates for the statute of limitations when: (1) the state created an impediment to filing; (2) a new constitutional right relevant to the case had been announced; or (3) a petitioner discovered new facts through the exercise of due diligence. Not wanting district courts to expend vast resources "on the assumption that an actual innocence exception exists," the court explains, "'§ 2244(d) contains no explicit exemption for petitions claiming actual innocence,' and we decline to add one." *Lee*, 2010 WL 2652505 at *3, *8 (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)).

Gunn's habeas petition was untimely. There is no debating that. There is also no debating that in light of the *Lee* decision, no showing of actual innocence can exempt Gunn's petition from AEDPA's statute of limitations. Gunn's application for a certificate of appealability is therefore DENIED.

**IT IS SO ORDERED**.

DATED: July 26, 2010

**HONORABLE LARRY ALAN BURNS**
United States District Judge